IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DOMINIQUE L. THORNTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:22-cv-594-WHA-CWB |
| | ) [WO] |
| MOBILE COUNTY, D.A., et al., | ) |
| | ) |
| Defendants. | ) |

### RECOMMENDATION OF THE MAGISTRATE JUDGE

**I.   Introduction**

Plaintiff is an inmate at the Mobile County Metro Jail in Mobile, Alabama who filed this action under 42 U.S.C. § 1983 to challenge certain circumstances surrounding his April 2022 arrest and detention in Mobile County, Alabama.  (Doc. 1).  He names as defendants the following: Mobile County D.A.; Mobile County Metro Jail; Fox 10 News; and Mobile Police Department. (*Id.*).  Upon preliminary review of the Complaint, the court finds that this case is due to be transferred to the United States District Court for the Southern District of Alabama.

**II.   Discussion**

An action under 42 U.S.C. § 1983 "may be brought in—(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . .; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."  28 U.S.C. § 1391(b).  Moreover, "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if

1

it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

The Complaint identifies no defendant who resides in the Middle District of Alabama, describes no events or omissions that occurred in the Middle District of Alabama, and sets forth no other basis for establishing venue in the Middle District of Alabama.  All of the parties and occurrences instead center on Mobile County, Alabama, which is located within the Southern District of Alabama.  *See* 28 U.S.C. § 81(c)(2).  Pursuant to 28 U.S.C. § 1391(b), the Middle District of Alabama is an improper venue for this case—with venue being proper in the Southern District of Alabama.  The court thus concludes that it would be in the interest of justice to transfer proceedings to the Southern District of Alabama pursuant to 28 U.S.C. § 1406(a).

The court additionally notes that Plaintiff has filed a request for leave to proceed *in forma pauperis*.  (Doc. 2).  Because this case is due to be transferred to the Southern District of Alabama, however, a determination regarding *in forma pauperis* status should be reserved for that court.

### III. Conclusion

Accordingly, the undersigned Magistrate Judge hereby RECOMMENDS that this case be TRANSFERRED to the United States District Court for the Southern District of Alabama pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 1406(a).

It is further ORDERED that, by **October 25, 2022**, the parties may file written objections to this Recommendation.  An objecting party must identify the specific portion of the factual findings or legal conclusions to which the objection is made and must describe in detail the basis for the objection.  Frivolous, conclusive, or general objections will not be considered.

Failure to file a written objection to this Recommendation shall bar a party from a de novo determination by the District Court of any factual findings or legal conclusions contained herein and shall waive the right of the party to challenge on appeal any subsequent order that is based on factual findings and legal conclusions accepted or adopted by the District Court, except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this the 11th day of October 2022.

_____
**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**