IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DOMINIQUE L. THORNTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIV. A. NO. 22-0441-KD-MU |
| ) | |
| MOBILE COUNTY D.A., *et al.,* ) | |
| ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION**

Plaintiff Dominique L. Thornton, proceeding without counsel and without prepayment of fees, filed an amended complaint seeking relief under 42 U.S.C. § 1983 while confined as a pretrial detainee at Mobile County Metro Jail. (Doc. 8). The action was referred to the undersigned Magistrate Judge for appropriate action pursuant to 28 U.S.C. § 636(b)(1) and S.D. Ala. GenLR 72(a)(2)(R). Upon review of this action's proceedings, it is **RECOMMENDED** that this action be **DISMISSED without prejudice** for Plaintiff's failure to prosecute and to comply with the Court's order.

On November 15, 2023, the Court screened Plaintiff's amended complaint, pursuant to 28 U.S.C. § 1915(e)(2)(B). Review of the amended complaint showed that the action was subject to dismissal because Plaintiff sued people who were not able to be sued in a § 1983 action. (Doc. 36 at 5-6). Plaintiff brought a defamation claim that is not actionable under § 1983. (*Id*. at 6-7). Plaintiff did not plead sufficient facts to establish claims for false arrest/imprisonment or malicious prosecution, denial of access to the courts, unconstitutional conditions of confinement, or failure to protect. (*Id*. at 7-

1

10). Consequently, the Court ordered Plaintiff to file a second amended complaint by December 18, 2023 to cure the noted deficiencies. The order and the Court's form were mailed to Plaintiff at Mobile County Metro Jail, the address provided by Plaintiff.

On December 1, 2023, the Court was informed by Mobile County Metro Jail that Plaintiff was no longer confined at the facility. (*See* Docs. 34, 35). On December 5, 2023, the Court's previous order for Plaintiff to file a second amended complaint was returned by U.S. mail as undeliverable. (*See* Doc. 40). To date, Plaintiff has not filed a second amended complaint nor communicated his current address with the Court.

A "court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order." *Equity Lifestyle Prop., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009). The court's authority to dismiss an action *sua sponte* for lack of prosecution is considered a fundamental power of the court. *Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962). Courts are vested with the inherent authority "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* at 630-31. Moreover, "Rule 41(b) authorizes a district court to dismiss a complaint for failure to prosecute or failure to comply with a court order or the federal rules." *Saint Vil v. Perimeter Mortg. Funding Corp.*, 715 F. App'x 912, 915 (11th Cir. 2017) (internal quotation marks omitted)). *Accord Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005) (recognizing the two sources of a court's authority to *sua sponte* dismiss an action are its inherent powers and Rule 41(b) of the Federal Rules of Civil Procedure).

Plaintiff was warned at the beginning of this suit that failure "to notify the Court

immediately of a change in address will result in a recommendation of dismissal of this action for failure to prosecute and obey the Court's order." (Doc. 6 at 1). Plaintiff was released from Mobile County Metro Jail in November 2023. He has yet to inform the Court of his current address. The Court has no means to communicate with Plaintiff, and he appears to have stopped prosecuting this action. Due to Plaintiff's failure to comply with the Court's order and to prosecute this action, it is **RECOMMENDED** that this action be **DISMISSED without prejudice**, as no lesser sanction will suffice to address Plaintiff's willful conduct. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (dismissal for disregarding an order after a litigant has been forewarned is generally not an abuse of discretion), *cert. denied*, 493 U.S. 863 (1989); *see* also *Frith v. Curry*, 812 F. App'x 933, 934-35 (11th Cir. 2020) (affirming an action's dismissal when an inmate, who had been warned that failure to comply would result in his action's dismissal for failure to prosecute, did not respond to the court's order and did not pay the partial filing fee even though he filed his signed consent form).

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D.Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28

U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

    **DONE** this the **5th** day of **February, 2024**.

                                                           **s/P. Bradley Murray**
                                                          **UNITED STATES MAGISTRATE JUDGE**